UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS HALE, | ) |
| Petitioner, | ) ) ) |
| v. | ) )  No. 1:21-cv-02665-JMS-MJD |
| DENNIS REAGLE Warden, | ) ) ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Thomas Hale was convicted of dealing in methamphetamine within 1,000 feet of a youth program center in an Indiana state court. Mr. Hale now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that his trial and appellate counsel were ineffective for failing to present a facial challenge regarding the constitutionality of the youth program center enhancement. For the following reasons, his petition for a writ of habeas corpus is **denied,** and a certificate of appealability will not issue.

**I.   Background**

Although the Court usually begins with a factual background recounting the petitioner's crime and criminal proceedings, here it is necessary to first describe the sentencing statute at issue and two cases that are at the center of Mr. Hale's ineffective assistance of counsel claims.

**A. Indiana's "Youth Program Center" Statute**

In 2014, the year of Mr. Hale's offense, manufacturing methamphetamine was ordinarily a Class B felony with a sentencing range of six-to-twenty years. Ind. Code §§ 35-48-4-1.1 (2013) and 35-50-2-5 (2008). The offense could be enhanced to a Class A felony with a sentencing range of twenty-to-fifty years if it occurred within 1,000 feet of, among other things, a youth program

1

center. Ind. Code §§ 35-48-4-1.1 (2013) and 35-20-4 (2008). "Youth program center" was defined as: "a building or structure that on a regular basis provides recreational vocational, social or other programs or services for persons less than eighteen (18) years of age. . . ." Ind. Code § 35-31.5-2-357.

The "youth program center" enhancement was subsequently repealed by the Indiana legislature. *Whatley v. Zatecky*, 833 F.3d 762, 783−84 (7th Cir. 2016) (noting that the enhancement was removed after a law school professor and students who studied the impact of the enhancements expressly omitted "youth program centers" from their evaluation because, as they explained, "Neither we nor, we assume, most drug dealers could determine exactly what constitutes a youth program center, much less locate all of them in Indianapolis."). The Indiana legislature modified the drug enhancement statutes so that they applied only to offenses involving more than five grams of cocaine that occurred within 500 feet of school property or a public park while a person under 18 years of age was reasonably expected to be present. *Id.* at 784, n.17 (citing Ind. Code. §§ 35-48-1-16 and 35-48-1-16.5).

### B. *Johnson v. United States* and *Whatley v. Zatecky*

In 2015, the Supreme Court held in *Johnson v. United States*, 576 U.S. 591 (2015), that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process. The ACCA requires an enhanced sentence of 15 years to life for a defendant convicted of a firearms offense if he had three or more prior convictions for either a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e)(1). The statute defined "violent felony" as a crime punishable by a year or more in prison which is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" § 924(e)(2)(B)(ii). The Court had

2

held in *Taylor v. United States*, 495 U.S. 575, 600 (1990) that sentencing courts must use a framework known as the categorical approach when deciding whether an offense qualified under § 924(e)(2)(B)(ii). *Johnson*, 576 U.S. at 596. This required the court to determine "whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Id.* (cleaned up).

This framework was "plagued with uncertainty," leading the Court to declare the residual clause impermissibly vague. *United States v. Cook*, 970 F.3d 866, 875 (7th Cir. 2020) (citing *Johnson*, 576 U.S. at 596−97). There were two main problems with the categorical inquiry:

> (1) after postulating the archetypal version of the crime, one had to decide how much risk of physical injury was posed by that idealized version of the offense; and (2) one also had to consider how much risk of injury was required to render an offense violent as compared with the offenses expressly identified in the statute (burglary, arson, extortion, and offenses involving the use of explosives).

*Id.*

The Court stated that its previous "holdings squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Johnson*, 576 U.S. at 602 (emphasis omitted). However, it also distinguished statutes that, while perhaps using imprecise terms like "substantial risk," "grave risk," and "unreasonable risk," applied to individual conduct, stating, "[W]e do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct[.]" *Id.* at 603−04.

After *Johnson*, the Court jettisoned two other statutes that employed a similar categorical approach. *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding that the residual clause in 18 U.S.C. § 16 was impermissibly vague); *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that the residual clause in 18 U.S.C. § 924(c) was impermissibly vague).

3

In 2016, the Seventh Circuit granted habeas relief to an Indiana defendant who presented an as-applied vagueness challenge to the youth program center enhancement. *Whatley*, 833 F.3d at 784. In *Whatley*, the youth program center at issue was a church which held programming for children four to six times a week. *Id.* at 779. The Court first summarized the Supreme Court's "pronouncement on vagueness under the due process clause":

> [T]here are two ways in which a statute may fall short of the mark: it may fail to give a person of ordinary intelligence fair notice of what conduct is prohibited, or it may be so lacking in standards that it invites arbitrary enforcement. These principles apply not only to statutes defining the elements of crimes, but also to statutes fixing sentences, such as the one at issue here.

*Id.* at 776−77 (citing *Johnson*, 576 U.S. at 596; *United States v. Batchelder*, 442 U.S. 114, 123 (1979); *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926); and *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)).

The Seventh Circuit found that the Indiana Court of Appeals unreasonably applied Supreme Court precedent, and that the statute was unconstitutionally vague as applied to Whatley. It decided so on three bases:

> (1) the use of the word "regular" in the definition of "youth program center" provides no objective standard, and thereby fails to place persons of ordinary intelligence on notice of the conduct proscribed and allows for arbitrary enforcement; (2) defendants are strictly liable for violating the terms of this nebulous sentencing enhancement, exacerbating the effect of the subjectivity; and (3) the consequences of violating this indeterminate strict liability provision are extreme[.]

*Id.* at 784. The Court emphasized that the statute was vague as applied because a church with occasional youth programming "is nowhere near the core of the statute. Had Whatley possessed drugs within 1000 feet of a YMCA or a Boys and Girls Club, there would be no doubt that his conduct was within the core of the law." *Id.* at 783.

**C. Mr. Hale's Trial and Post-Conviction Proceedings**

The Court now turns to the facts and procedural history of Mr. Hale's case. The following background is adapted from the Indiana Court of Appeals opinion affirming the denial of post-conviction relief, *Hale v. State*, 171 N.E. 3d 141 (Ind. Ct. App. 2021)[1], except as otherwise noted.

On May 19, 2014, Mr. Hale and others were arrested at a residence on Franklin Street in Huntington, Indiana ("the Franklin Street residence"). *Id.* at 143−44. Mr. Hale was located on the second floor of the Franklin Street residence, attempting to dispose of evidence of a methamphetamine manufacturing operation. *Id.* at 144. The State charged Mr. Hale with manufacturing methamphetamine within one thousand feet of a "youth program center." *Id.*

During a jury trial in November 2014, witness testimony established that the house where Mr. Hale was arrested was 940 feet from the property line of a Boys and Girls Club and about 950 feet from the property line of the Trinity United Methodist preschool. *Id.* Mr. Hale was found guilty as charged, but his conviction was overturned for reasons unrelated to these proceedings. *Id.* (citing *Hale v. State*, 54 N.E.3d 355 (Ind. 2016)).

At Mr. Hale's second trial held in March 2017, trial counsel stipulated that the Franklin Street Residence was within 1,000 feet of a youth program center. *Id.* Mr. Hale was again convicted and sentenced to forty years. *Id.*

On direct appeal, the only issue appellate counsel raised was whether Mr. Hale's sentence was inappropriate under Indiana Appellate Rule 7(B). *Hale v. State*, 2017 WL 3908886 (Ind. Ct. App. Sept. 7, 2017), *trans. denied*.[2] The appellate court affirmed the sentence based on Mr. Hale's

---

[1] In the record at dkt. 7-15.

[2] In the record at dkt. 7-8.

5

lengthy criminal history and the nature of the offense—particularly the fact that Mr. Hale and others were making meth upstairs in the home while children were downstairs. *Id.* at *2.

Mr. Hale filed a petition for post-conviction relief in state court and was appointed counsel, who amended Mr. Hale's pro se petition. Mr. Hale asserted in his amended petition that trial and appellate counsel were ineffective for failing to make a facial challenge to the sentencing enhancement on the grounds that it was constitutionally void for vagueness. Dkt. 7-10. He further argued that he was denied due process of law in violation of the Fourteenth Amendment. *Id.*

A post-conviction hearing was held where both trial and appellate counsel testified.[3] Trial counsel testified that he was familiar with both *Whatley* and *Johnson*, but he did not believe that a motion to dismiss the charges based on a facial challenge to the youth program center statute would have been successful. He testified,

> [I]n the way I looked at *Johnson* and *Whatley*, as I said there were—there was language in those decisions that could've been used to argue, for the vagueness of the statute has [sic] applied to Hale, but there in was the problem as it applied to Hale. [M]y reading of *Johnson* was that it was a case that was a lot of it based upon the structure of the Armed [Career] Criminal Act as Congress had passed it and the analysis had a lot to do with that particular statute.

*Hale*, 171 N.E. 3d at 145 (quoting PCR Tr. 14) (cleaned up to remove brackets that replaced vocal disfluencies). Trial counsel acknowledged that "[t]here would not have been anything to lose" by filing a motion to dismiss the enhancement before trial. *Id.* (quoting PCR Tr. 20).

Appellate counsel testified that he did not consider raising a facial challenge to the sentencing enhancement because "I thought [*Whatley*] was pretty directly on point and held that an entity like the Boy's and Girl's Club or a YMCA, would fit the definition of a Youth Program Center." *Id.* at 146 (quoting PCR Tr. 25). He further stated that because trial counsel had stipulated to the fact that the offense occurred near a youth program center, it would have been difficult to

---

[3] *See generally*, post-conviction hearing transcript, in the record at dkt. 15-11.

raise the issue on appeal because it would have had to be raised under Indiana's fundamental error standard. *Id.* (quoting PCR Tr. 28).

The Indiana Court of Appeals affirmed the denial of relief, finding that Mr. Hale had not shown he was prejudiced by either attorneys' failure to raise a facial challenge to the constitutionality of the statute. *Id.* at 150−51. The Indiana Supreme Court denied transfer. Dkt. 7-18.

Mr. Hale filed the instant petition for a writ of habeas corpus on October 15, 2021, maintaining his post-conviction challenge to his trial and appellate counsel's effectiveness. Dkt. 2.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102.

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc). If the last reasoned state court decision did not adjudicate the merits of a claim, or if the adjudication was

unreasonable under § 2254(d), federal habeas review of that claim is *de novo*. *Thomas v. Clements*, 789 F.3d 760, 766−68 (7th Cir. 2015).

### III. Discussion

The Fourteenth Amendment provides: ". . . nor shall any State deprive any person of life, liberty, or property, without due process of law." As the Supreme Court explained in *Johnson*, "the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." 576 U.S. at 595 (citing *Kolender,* 461 U.S. at 357–58).

In his petition, Mr. Hale argues that the youth program center sentencing enhancement is unconstitutional on its face. His reasons largely mirror those discussed by the Seventh Circuit in *Whatley*. First, the use of "regular" in the definition of youth program center provides no objective standard and thus fails to put a person on notice of conduct proscribed. Dkt. 2 at 9. Second, the court did not narrow the statute by requiring the State to prove that Mr. Hale knew that he lived within 1,000 feet of a protected area. *Id.* Third, the consequences are extreme: Mr. Hale's sentencing exposure jumped from a range of six to twenty years to a range of twenty to fifty years. *Id.*

This Court must decide whether the Indiana Court of Appeals failed to reasonably apply Supreme Court precedent when it affirmed the post-conviction court's denial of Mr. Hale's petition. The appellate court provided the correct ineffective assistance of counsel standard under *Strickland v. Washington*, 466 U.S. 668 (1984). *Hale*, 171 N.E.3d at 147. To prevail on an ineffective assistance of counsel claim, Mr. Hale had to show that (1) counsel performed deficiently, and (2) Mr. Hale was prejudiced by counsel's deficient performance. *Id.* (citing *Strickland*, 466 U.S. at

687). The Indiana Court of Appeals also relied on relevant Supreme Court precedent describing the law as it applies to vagueness challenges. *Id.* at 148−49 (citing *United States v. Powell*, 423 U.S. 87, 92 (1975) and *Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971)).

### A. Ineffective Assistance of Trial Counsel

The appellate court bypassed the question of whether trial counsel performed deficiently when he did not file a motion to dismiss the enhancement and concluded that Mr. Hale could not prove prejudice. *Hale*, 171 N.E.3d at 148−49. The court found that a facial challenge to the youth program center enhancement "would have faced several obstacles." *Id.* at 148. The court noted that *Johnson* may have expanded the universe of defendants who could bring facial challenges to criminal statutes, but "it left open several attendant questions, such as: (1) which *types* of criminal statutes may be challenged' (2) on *what grounds* they may be challenged as facially vague; and (3) *who* may or may not raise such challenges." *Id.* at 149 (citing *Cook*, 970 F.3d at 876) ("It is not clear how much *Johnson*—and the Court's follow-on decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) . . . actually expand the universe of litigants who may mount a facial challenge to a statute they believe is vague.").

"The general practice, outside of the First Amendment context, has been to consider the purported vagueness of a statute in light of the facts of the particular case—*i.e.*, as applied—rather than in the abstract." *Cook*, 970 F.3d at 873 (citations omitted). The appellate court noted that other circuits had wrestled with whether *Johnson* had changed this general practice and concluded it remained an open question. *Hale*, 171 N.E.3d at 149 (citing *Kashem v. Barr*, 941 F.3d 358, 375 (9th Cir. 2019) and *United States v. Requena*, 980 F.3d 30, 39−40 (2d Cir. 2018)).

The Indiana Court of Appeals also found that *Whatley* was distinguishable because it involved an as-applied challenge, and "Hale concedes that . . . the sentencing enhancement provision is *not* unconstitutionally vague as applied to him." *Hale*, 171 N.E.3d at 149.

The appellate court concluded that "this case presents difficult and still-undecided questions[,]" but under the facts of this case, Mr. Hale could not prove prejudice. *Id.* at 150.

This was a reasonable application of Supreme Court precedent. Courts have debated whether *Johnson* opened the door to permitting a broader class of defendants to make facial challenges to criminal statutes. But so far, the Supreme Court has not expanded vagueness challenges to criminal defendants when the statute can constitutionally be applied to the challenger's own conduct. Clearly established federal law "includes only the holding, as opposed to the dicta, of [the Supreme] Court's decisions." *Woods v. Donald*, 575 U.S. 362, 405−06 (2015). Further, counsel cannot be faulted for failing to challenge the statute in this case when the Seventh Circuit specifically named a Boys and Girls Club as the type of facility that falls within the "core" of the sentencing enhancement. *Whatley*, 833 F.3d at 783; *see also Cook*, 970 F.3d at 877 ("*Johnson* did not alter the general rule that a defendant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge.").

Accordingly, Mr. Hale is not entitled to relief for his ineffective assistance of counsel claim.

### B. Ineffective Assistance of Appellate Counsel Claim

"The general *Strickland* standard governs claims of ineffective assistance of appellate counsel as well as trial counsel." *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). The Indiana Court of Appeals disposed of Mr. Hale's appellate ineffectiveness claim on the prejudice prong, finding "a facial challenge raised on appeal would have shed none of the previous impediments[

]" identified in the previous section. *Hale*, 171 N.E.3d at 151. For the reasons discussed above, this was not an unreasonable application of *Strickland*. Mr. Hale is not entitled to relief on this claim.

### IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017) ("A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal.").

The only statutory requirement for issuing a certificate of appealability is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But courts have developed additional requirements over time. Most importantly for this case, the Supreme Court has explained that courts should "look to the District Court's application of [§ 2254(d)] to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Maus v. Eckstein*, No. 17-1477, 2020 WL 13517334, at *1 (7th Cir. Mar. 11, 2020) (applying *Miller-El*).

Mr. Hale's effort to bring a facial challenge to the youth program center statute was unsuccessful because there is no clear indication that *Johnson v. United States* expanded vagueness challenges to permit a facial challenge in his circumstances, so counsel could not be found ineffective for failing to do so. There is room for debate on the underlying legal issue, as the Indiana Court of Appeals opinion made clear. But that is not enough under *Miller-El*. No reasonable jurist could conclude that the Indiana Court of Appeals decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, a certificate of appealability is **denied**.

## V. Conclusion

For the foregoing reasons, Mr. Hale's petition for a writ of habeas corpus is **denied**, and no certificate of appealability shall issue.

**IT IS SO ORDERED.**

Date: 12/29/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

THOMAS HALE
124258
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
PENDLETON, IN 46064
Electronic Service Participant – Court Only

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov